HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GURPREET SINGH,<br><br>   Petitioner,<br><br>  v.<br><br>Kristi NOEM, Secretary of U.S. Department of Homeland Security; Pamela BONDI, United States Attorney General; Todd LYONS, Acting Director, U.S. Immigration and Customs Enforcements; Laura HERMOSILLO, Acting Seattle Field Office Director, Immigration and Customs Enforcement; Bruce SCOTT, Warden, Northwest ICE Processing Center,<br><br>   Respondents. | CASE NO. 2:26-cv-00555-RAJ<br><br>ORDER |

## I. INTRODUCTION

THIS MATTER comes before the Court on Petitioner Gurpreet Singh's Petition for Habeas Corpus. Dkt. # 1. The Court has reviewed the petition, the submissions in support of and in opposition to the petition, and the balance of the record. For the reasons set forth below, the Court **GRANTS** Mr. Singh's petition.

## II. BACKGROUND

Mr. Singh is a 28-year-old citizen of India. Dkt. # 1 ¶ 1. He entered the United States without inspection on or about June 21, 2017 and was not apprehended or detained

ORDER – 1

at the time of entry. *Id.* ¶ 2. On or about April 2, 2018, Mr. Singh applied for asylum and other relief with U.S. Citizenship and Immigration Services ("USCIS"). Dkt. # 6 ¶ 2; Dkt. # 1 ¶ 21. On or about September 13, 2018, USCIS found that Mr. Singh was not eligible for relief and referred his case to immigration court. Dkt. # 6 ¶ 6. On or about September 18, 2018, USCIS issued a Notice to Appear to Mr. Singh charging him as removable from the United States and scheduling him to appear before an immigration judge in removal proceedings. *Id.* Immigration officials, however, did not detain Mr. Singh after issuance of the Notice to Appear. *Id.* From the time Mr. Singh entered the United States to his recent detention, he lived in the community for nearly nine years without incident. Dkt. # 1 ¶ 23. He has no criminal record in the United States or any other country, and has never been detained or subject to custodial supervision. *Id.* ¶¶ 22–23. On or about February 2, 2026, Customs and Border Protection encountered Mr. Singh at the U.S.-Canada border, determined he was in active removal proceedings, and took him into custody without notice or hearing. *Id.* ¶¶ 3–4; Dkt. # 6 ¶ 8. Thereafter, Mr. Singh was transferred to the Northwest ICE Processing Center in Tacoma, Washington, where he remains today. Dkt. # 1 ¶ 8; Dkt. # 6 ¶ 9.

### III.  LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The district courts' habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may seek habeas relief by showing that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### IV.  DISCUSSION

The Fifth Amendment forbids the government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "The fundamental

ORDER – 2

requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 522 (1965)). Due process is "flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). It "applies to all 'persons' within the United States, including [noncitizens], whether their presence here in lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693.

In *Mathews*, the Supreme Court set out three considerations for determining whether a particular governmental action comports with due process:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335. In *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), the Ninth Circuit assumed without deciding that the *Mathews* test applies in the immigration detention context. *Id.* at 1207. District courts have subsequently applied the *Mathews* test in this manner. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

Respondents primarily argue Mr. Singh's detention is lawful because he is subject to mandatory detention "pursuant to 8 U.S.C. § 1225(b) as an applicant for admission who is inadmissible to the United States." Dkt. # 5 at 1. The Court need not reach the question of whether Mr. Singh is detained pursuant to 8 U.S.C. § 1225 or § 1226 because in either case, the statute cannot replace the constitutional requirement of procedural due process. *See P.T. v. Hermosillo*, No. 25-cv-2249, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025) ("To the extent that the Government's briefing suggests that Section 1225(b) should be the beginning and end of the Court's inquiry, this position is emphatically

ORDER – 3

rejected."); *Tarbakhov v. Warden of Nw. Det. Ctr.*, No. 26-279, 2026 WL 653705, at *3 (W.D. Wash. Mar. 9, 2025) (rejecting argument that petitioner is subject to mandatory detention under § 1225(b) because "[r]egardless of the reason for Petitioner's detention, the Government remains subject to an obligation to 'effectuate [his] detention in a manner that comports with due process.") (quoting *E.A. T.-B.*, 795 F. Supp. 3d at 1322); *A.B.J.C. v. Hermosillo*, No. 26-cv-185, 2026 WL 497097, at *3 (W.D. Wash. Feb. 23, 2026) ("Because the Court resolves this petition on procedural due process grounds, it does not reach Petitioner's additional arguments regarding . . . the proper statutory authority for his detention under 8 U.S.C § 1225(b) versus § 1226(a)").

Respondents next argue that under the *Mathews* test, Mr. Singh's detention comports with procedural due process. The Court disagrees.

Under the first *Mathews* factor, Mr. Singh has a strong interest in not being detained. The "interest in being free from physical detention by one's own government" is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [due process] protects."). "The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (collecting cases). "Recently, courts throughout the Ninth Circuit have concluded that non-citizens who are released from ICE custody have a protected liberty interest under the Due Process Clause in remaining out of custody while their cases proceed." *Kumar*, 2025 WL 2677089, at *3 & n.3 (collecting cases). Mr. Singh has lived in the United States, free from detention and without incident, for nearly nine years. Dkt. # 1 ¶¶ 22–23. He has undoubtedly grown ties to the community and a strong liberty interest in that time.

ORDER – 4

     Under the second *Mathews* factor, the procedures used to detain Mr. Singh created a high risk of an erroneous deprivation of liberty interests, and there is probable value in additional safeguards. Mr. Singh's detention appears arbitrary. *See Kumar*, 2025 WL 2677089, at *3 (finding second *Mathews* factor favored petitioner because his re-detention appeared arbitrary). Again, Mr. Singh lived in the community without incident for nearly nine years. Dkt. # 1 ¶¶ 22–23. He has no criminal record. *Id.* Respondents do not suggest Mr. Singh posed a safety concern, is a flight risk, or any other reason justifying his detention. *See* Dkt. # 5 at 6–7. Respondents' position that Mr. Singh's detention is related his removal proceeding is belied by the fact that Mr. Singh has been in removal proceedings since 2018, but was not detained until approximately eight years later, in 2026. Dkt. # 6 ¶ 6. Respondents also argue in a generalized fashion that "border encounters require swift action to verify admissibility," *id.* at 7, but that rationale has nothing to do with Mr. Singh, who was not arrested at the border and has lived in the United States for many years. Additional safeguards, including notice and a meaningful opportunity to be heard before an immigration court, may have decreased the risk of arbitrary or otherwise unlawful detention.

     Finally, under the third *Mathews* factor, the government's interest in detaining Mr. Singh without additional procedures is low. Respondents again offer generalized statements that it has a "compelling interest" to "prevent absconding and protect national security." *Id.* But Respondents do not explain how Mr. Singh's individual circumstance implicate these concerns. In any case, these interests "are not threatened if a pre-deprivation hearing is required." *E.A. T.-B.*, 795 F. Supp. 3d at 1324. Moreover, "although it would have required the expenditure of finite resources (money and time) to provide Petitioner notice and hearing" before detaining him, "those costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue." *Id.*

ORDER – 5

Accordingly, the Court finds that all three *Mathews* factors support a finding that Mr. Singh's detention violates procedural due process and requires immediate release.[1] Mr. Singh's petition seeks additional relief, including an order imposing the evidentiary standard at a subsequent pre-deprivation hearing and an order enjoining Respondents from placing ankle monitors on Mr. Singh absent certain circumstances. *See* Dkt. # 1 at 11. Mr. Singh does not support these additional requests with relevant legal authority, and accordingly the Court declines to grant the requests at this time.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

---

[1] Because the Court grants Mr. Singh's petition based on procedural due process, it declines to reach Respondents' argument that Mr. Singh is a member of the Bond Denial Class certified in *Rodriguez Vazquez v. Bostock* and the Nationwide Class certified in *Maldonado Bautista*.

ORDER – 6

## V.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus.  Dkt. # 1.  The Court **ORDERS** that Respondents:

(1) Shall immediately release Petitioner Gurpreet Singh from custody;

(2) Shall file with the Court a notice within 2 business days confirming Mr. Singh's release; and

(3) Shall not re-detain Mr. Singh unless and until providing him with 10 days' written notice and a meaningful opportunity to be heard before an immigration judge to determine whether detention is appropriate.

Mr. Singh may file a fee petition within the deadlines set by the Equal Access to Justice Act.  The parties must comply with the Court's meet-and-confer requirements prior to filing, and the Court takes no position at this time regarding whether such fee petition will be granted.

Dated this 11th day of March, 2026.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7